NO. 07-05-0057-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 14, 2005



______________________________




DAWN DOUGLAS, APPELLANT



V.



TEXAS FARMERS INSURANCE COMPANY, APPELLEE




_________________________________



FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY;



NO. 99-12508A; HONORABLE W. JEANNE MEURER, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

MEMORANDUM OPINION


 Pursuant to Rule 42.1(a)(2) of the Texas Rules of Appellate Procedure, appellant
Dawn Douglas and appellee Texas Farmers Insurance Company have filed an agreed joint
motion to dismiss this appeal representing they have resolved their differences. We grant
the motion and per their agreement, costs are to be assessed against the party incurring
them. See Tex. R. App. P. 42.1(d). Having dismissed the appeal at the request of the
parties, no motion for rehearing will be entertained and our mandate will issue forthwith.

 Don H. Reavis

 Justice

 

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.


 finger. See Tex. Pen.
Code Ann. §22.021(a)(1)(B(I) (Vernon Supp. 2006). He was further charged with having
intentionally, and with the intent to arouse and gratify his sexual desire, exposed his
genitals or parts thereof to the same child. See id. §21.11(a)(2)(A) (Vernon 2003).
Appellant argues that the testimony of the witnesses was so "contradictory, misleading and
inconsistent" as to fail to provide confidence in the verdicts. In particular, he complains of
1) inconsistent statements from the complainant as to whether her private part had been
touched, whether she was hurt, and the timing of various events, 2) the failure of police
officer Darren Walters to check the school for the white fluid which the complainant claimed
dripped from the end of appellant's penis, 3) the lack of a finding of injury to the
complainant's hymen at the time of her first sexual assault examination, 4) the use of a
drawing by the sexual assault examiners to describe their findings as opposed to
photographs from a colposcope, and 5) inconsistencies in the testimony of the
complainant's mother as to when her daughter told her that she had been digitally
penetrated, when or if her daughter said she had pain in that area, and what the
complainant told her with respect to appellant warning the child not to say anything. 

 A factual sufficiency review requires that we afford due deference to the jury's
credibility and weight determinations. Marshall v. State, 210 S.W.3d at 625. Furthermore,
the testimony of the child complainant alone, if believed, may be sufficient to sustain the
verdicts. Scott v. State, 202 S.W.3d 405, 408 (Tex. App.-Texarkana 2006, pet. ref'd);
Perez v. State, 113 S.W.3d 819, 838 (Tex. App.-Austin 2003, pet. ref'd). 

 Here, while the complainant may have been inconsistent about the timing of events
and may not have initially told others that appellant had digitally penetrated her or caused
her pain, she was consistent in so alleging to her mother, to both nurses who conducted
rape examinations, and at trial. Moreover, images of the complainant with her shirt pulled
up and her underwear pulled down were found on appellant's digital camera; those images 
corroborated her testimony that he had taken such photographs of her. Given her young
age, testimony of record that children are often reluctant to initially make an outcry, and the
complainant's statement to the officer that she had been afraid she had done something
wrong, the variances in her testimony were explainable. And, whether to accept the
explanations and believe the child was for the jury to decide. 

 The same is true about the testimony from the victim's mother. Admittedly, that
witness evinced an inability to remember certain things when asked a number of questions
during cross-examination. Nevertheless, there was also evidence that she was extremely
upset at the time the complainant first disclosed the assault to her and that her emotional
state continued through their return to school to report the event to the principal. Thus, the
questions raised by appellant about her testimony were also subject to explanation and,
again, the jury had the responsibility to decide what weight, if any, to assign that testimony. 
 Next, the failure of the police officer to search for the white substance reported by
the complainant was explained by the officer stating that he had to first end his
conversation with the victim before going in search of other evidence. He also believed
that the maintenance crew had cleaned the area already. So, once again, it was for the
jury to decide what weight to assign his testimony and resolve any contradictions in it. See
Perez v. State, 113 S.W.3d at 838 (stating the trier of fact resolves evidentiary conflicts).

 Finally, appellant may be correct in suggesting that medical devices were present
in the examining room and such devices could have been used to capture any injury
suffered by the child on film. Yet, each nurse testified about seeing either redness or
bruising in or on the child's vaginal area. One also gave an opinion that the trauma
witnessed was consistent with digital contact. So, that the nurses offered their
explanations of the injuries through drawings rather than by photographs at best affects
the weight of the evidence; it does not render it insufficient particularly in light of other
testimony that visual examination may sometimes reveal things that are not picked up by
photograph. 

 In sum, our review of the record does not indicate that the verdicts were clearly
wrong or manifestly unjust or against the great weight and preponderance of the evidence. 
Therefore, we may not disturb them. 

 Accordingly, the judgments are affirmed.


 Per Curiam


Do not publish.